IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JESSE MICHAEL REYNOLDS,

        Plaintiff,

   v.

STATE OF OREGON, SCOTT CENTANNI, DAVID SCOTT,

        Defendant.

No. 03:11-CV-6404-HZ

OPINION & ORDER

Kevin E. Lucey
621 SW Morrison St, Suite 1412
Portland, OR 97205

    Attorney for Plaintiff

Kristin A. Winges-Yanez
Oregon Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201

    Attorney for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Jesse Reynolds brings this negligence action against Defendants. Plaintiff moved for judgment on the pleadings (#17) and for leave to file an amended complaint (#18). I deny the motion for judgment on the pleadings and deny the motion for leave to file an amended complaint.

## BACKGROUND

Plaintiff Reynolds was a former inmate at the Oregon State Correctional Institute ("OSCI"). Compl. ¶ 4. Defendants Scott Centanni and David Scott were both employees at OSCI. Id. In January 2010, Plaintiff's request to move into a cell with Adam Steltz was approved. Id. at ¶ 5. On January 30th, Plaintiff alleges Steltz physically and sexually assaulted him. Id. at ¶ 7. Plaintiff brings several negligence claims[1] against the State and § 1983 claims against Defendants Centanni and Scott for violating his 8th and 14th Amendments.

## STANDARDS

A.  Motion for Judgment on the Pleadings

A motion for judgment on the pleadings may be brought after the pleadings are closed but within such time as not to delay the trial. Fed. R. Civ. P. 12(c). Rule 12(c) is "functionally identical" to Rule 12(b)(6) and "the same standard of review" applies to motions brought under either rule. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1055 n4 (9th Cir. 2011). If matters outside the pleadings are presented to and not excluded by the court, the motion is to be treated as one for summary judgment. Fed. R. Civ. P. 12(d).

Judgment on the pleadings is proper when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Bagley v. CMC Real Estate Corp., 923

---

[1] Plaintiff's complaint contains "counts" within each claim, which makes it difficult to refer to a claim by number only, as each claim has more than one count.

F.2d 758, 760 (9th Cir. 1991). All allegations of fact by the non-moving party are accepted as true and are construed in the light most favorable to that party. Id. To survive a Rule 12(c) motion, "the complaint's factual allegations, together with all reasonable inferences, [must] state a plausible claim for relief." Cafasso, 637 F.3d at 1053 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679.

B.     Motion for Leave to Amend the Complaint

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." The court should apply the rule's "policy of favoring amendments with extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation omitted); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). The district court may deny leave to amend if the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). Prejudice to the opposing party is given greater weight in the analysis. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Delay, by itself, will not justify denying leave to amend. DCD Programs, 833 F.2d at 186. The timing of the motion to amend following discovery and with a pending summary judgment motion, weighs heavily against allowing leave. Schlacter-Jones v. General Telephone, 936 F.2d 435, 443 (9th Cir. 1991).

/ / /

/ / /

/ / /

3 - OPINION & ORDER

DISCUSSION

A.    Motion for Judgment on the Pleadings

Plaintiff moves for judgment on the pleadings with respect to Defendants' third affirmative defense—Eleventh Amendment immunity.  Answer ¶¶ 9-10.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  Although the Eleventh Amendment does not explicitly prohibit an action in federal court against a state by one of the state's own citizens, the Supreme Court has construed the Amendment as barring such suits.  See Welch v. Texas Highways & Pub. Transp. Dep't, 483 U.S. 468, 472 (1987); Micomonaco v. Washington, 45 F.3d 316, 319 (9th Cir. 1995).  "[T]he reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."  Regents of the Univ. of Calif. v. Doe, 519 U.S. 425, 429 (1997) (citations omitted).

There are two exceptions to the Eleventh Amendment jurisdictional bar:  (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain situations; and (2) a state may waive its immunity by consenting to suit in federal court but must do so by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction."  Micomonaco, 45 F3d 316, 319 (9th Cir. 1995).

Defendant, the State of Oregon, alleges that it is immune from suit in federal court. Answer ¶ 10.  Plaintiff has not pled any facts to show that Defendant is not entitled to plead this

4 - OPINION & ORDER

defense, nor that either exception to the Eleventh Amendment applies. Plaintiff's motion is denied.[2]

B.   Motion for Leave to Amend the Complaint

Plaintiff seeks to amend his complaint by increasing the amount of damages, adding negligence claims against Defendants in their individual capacity, and adding negligence claims against unidentified employees of the Department of Corrections. Decl. Travis Huisman Supp. Mot. Am. Compl. ("Huisman Decl.") ¶ 2.

Defendants argue that amendment would be futile—one of the four factors considered in a motion to amend. Defs.' Resp. Mot. Am. Compl. ("Defs.' Resp.") 2. Presumably, the other three factors—bad faith, undue delay, prejudice to opposing party—are not disputed by Defendants. Defendants object to Plaintiff's addition of individual defendants. Id. The Oregon Tort Claims Act was amended in 2011 to allow actions against an individual, in addition to the State, if the alleged damages exceed the limits set by the Act. Or. Rev. Stat. ("ORS") § 30.265(4). The amendment took effect January 1, 2012, after Plaintiff filed his complaint. Defendants argue that because the case was filed before the amendment to ORS § 30.265 took effect, the amendment does not apply. Defs.' Resp. 2.

Plaintiff argues that the amended ORS § 30.265(4) applies retroactively to all pending cases, regardless of the filing date. Pl.'s Reply, 2. Plaintiff supports his argument in two ways, with "logic" and by analogy, neither of which is persuasive. First, Plaintiff argues that there is

---

[2] Defendants construed Plaintiff's motion as a motion to strike. Rule 12(f) provides that district courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on their own initiative or pursuant to a party's motion. Fed. R. Civ. P. 12(f). "Motions to strike are disfavored and infrequently granted. A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." E.g., Bassett v. Ruggles, No. CV-F-09-528, 2009 U.S. Dist. LEXIS 83349, 2009 WL 2982895, at *24 (E.D. Cal. 2009). Even if I were to construe the motion as a motion to strike, it would also be denied.

5 - OPINION & ORDER

no "savings clause"[3] in the amendment, and thus logically, ORS § 30.265(4) must be retroactive. Id. I do not find this argument persuasive. The absence of a savings clause does not necessarily mean that the legislature meant for the amended ORS § 30.265(4) to apply to cases filed before the effective date of the amendment.

Second, Plaintiff argues that because ORS § 30.271 is "intended to be retroactive", ORS § 30.265 must also be retroactive. Id. at 2-3. ORS § 30.271 imposes limitations of liability against the State and its officers, employees, and agents. These monetary limits depend on when the cause of action arose, not the filing date of the complaint. ORS § 30.265(4) requires that the alleged damages be greater than the monetary limits set in ORS § 30.271 before individuals may be named as defendants. I am not persuaded by Plaintiff's argument that the amended ORS § 30.265(4) is retroactive simply because ORS § 30.271(3)(a) applies to cases for "causes of action arising on or after December 28, 2007 and before July 1, 2010." ORS § 30.271(3)(a). If Plaintiff had filed his case after January 1, 2012, then the amended ORS § 30.265(4) would have been applicable in Plaintiff's case. But that is not the situation here. Plaintiff chose to file his case when the prior ORS § 30.265(4) was operative. I agree with Defendant that the proposed amendments would be futile.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] Plaintiff offered this example of a savings clause: "This Act does not apply to an action or other proceeding commenced before the effective date of this Act." Pl.'s Reply, 2.

6 - OPINION & ORDER

CONCLUSION

Based on the foregoing, Plaintiff's motion for judgment on the pleadings (#17) is denied and motion for leave to file an amended complaint (#18) is denied.

IT IS SO ORDERED.

Dated this  14th  day of August, 2012.


/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

7 - OPINION & ORDER